CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 9 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PETER ODIGHIZUWA, ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00185 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN TRACY RAY, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Peter Odighizuwa, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Warden at Red Onion State Prison, Tracy Ray; five correctional officers, Lieutenant Mullins, Lieutenant Younce, Lieutenant Rose, Sergeant Day, and Captain Taylor; and the prison's physician, Dr. Williams. The case is presently before the court for review, pursuant to 28 U.S.C. § 1915A. For the following reasons, the court concludes that the plaintiff's claim against Dr. Williams must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[*]

## BACKGROUND

The following factual allegations are taken from the plaintiff's original complaint (docket #1) and his motion to amend to name individuals as defendants and to allege specific facts concerning actions undertaken by each defendant (docket #12). The plaintiff was transferred to Red Onion State Prison in October of 2004. Soon after he arrived at the prison, he began to notice excessive amounts of dust in his cell. He also began experiencing an "irritating air or gas like mace or pepper spray" in his cell. The plaintiff alleges that since that time, he has

---

[*] This provision provides, in pertinent part, that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

continuously been exposed to excessive amounts of dust and gas-like irritants. The plaintiff alleges that the dust and irritants cause severe headaches, stomach and chest pain, nausea, vomiting, and burning. The plaintiff also appears to allege that although he has repeatedly complained to Lieutenant Mullins, Lieutenant Younce, Sergeant Day, Captain Taylor, Lieutenant Rose, and Warden Ray, the officials refuse to move him to another cell or otherwise remedy the problem.

The plaintiff alleges that he was examined by Dr. Williams on November 17, 2004. According to the plaintiff, Dr. Williams prescribed 800 milligrams of Motrin without informing the plaintiff of the particular dosage. The plaintiff returned to Dr. Williams on January 12, 2005. The plaintiff alleges that Dr. Williams wanted to prescribe Motrin again, but the plaintiff refused, because one of the pills had previously caused stomach pain. As a result, Dr. Williams only prescribed a spray for the plaintiff's nasal problems. Dr. Williams examined the plaintiff again on March 9, 2005. At the plaintiff's urging, Dr. Williams went to the plaintiff's cell to see the dust that the plaintiff had complained about. Dr. Williams opined that the matter the plaintiff was referring to was lint. Dr. Williams recommended that the plaintiff request to see the psychiatrist. The plaintiff alleges that the mental health professionals at the prison ultimately determined that the plaintiff's problem was a safety issue rather than a mental health issue.

## DISCUSSION

In order to state a claim under § 1983, a plaintiff must establish that he was deprived of rights secured by the Constitution or laws of the United States, and that the deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S.

42, 48 (1988). For the following reasons, the court concludes that the plaintiff's allegations against Dr. Williams fail to state a claim upon which relief may be granted.

In order to establish a constitutional violation for inadequate medical treatment, an inmate must show that prison officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the prison officials must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle at 105-06. Likewise, questions of medical judgment are not subject to judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that the plaintiff's allegations against Dr. Williams fail to state a claim of constitutional magnitude. The plaintiff indicates that he was examined by Dr. Williams on three separate occasions. The plaintiff was prescribed Motrin and a nasal spray. Dr. Williams also recommended that the plaintiff undergo a psychiatric evaluation. Although the plaintiff may disagree with Dr. Williams's assessment of his medical problems, or the type of treatment that was ultimately recommended or provided, such disagreements fail to state a claim for deliberate indifference. Even assuming that Dr. Williams

3

acted negligently in diagnosing or treating the plaintiff's medical problems, neither negligence nor malpractice is actionable under § 1983.

## CONCLUSION

For the reasons stated, the court concludes that the plaintiff has failed to allege sufficient factual allegations to state a claim against Dr. Williams. Therefore, Dr. Williams will be dismissed from the case. The case will proceed as to the remaining defendants to the extent that the plaintiff alleges that they violated his Eighth Amendment rights by exposing him to excessive amounts of dust and gas-like irritants.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER:** This ___9th___ day of June, 2006.

_____
United States District Judge