CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 13 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PETER ODIGHIZUWA, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06CV00185 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TRACY RAY, et al., | ) | By: Hon. Glen E. Conrad |
|     Defendants. | ) | United States District Judge |

The plaintiff, Peter Odighizuwa, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Warden at Red Onion State Prison, Tracy Ray; five correctional officers, Lieutenant Mullins, Lieutenant Younce, Lieutenant Rose, Sergeant Day, and Captain Taylor; and the prison's physician, Dr. Williams.* The case is presently before the court on Odighizuwa's motions for a preliminary injunction. For the following reasons, the plaintiff's motions will be denied.

## Background

Odighizuwa alleges that soon after he arrived at Red Onion State Prison in October of 2004, he began to notice excessive amounts of dust in his cell. Since that time, he has been continuously exposed to excessive amounts of dust, despite being moved to a different cell. Odighizuwa also believes that he has been exposed to pepper spray or gas-like irritants. He alleges that the dust and irritants cause headaches, fatigue, itchiness, sneezing, stomach pain, and occasional vomiting. Odighizuwa further alleges that the named correctional officials have failed to move him to a clean cell or otherwise remedy the problem.

---

\* By opinion and order entered June 9, 2006, the plaintiff's claim against Dr. Williams was dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Since his original complaint was filed on March 31, 2006, Odighizuwa has submitted multiple supplemental pleadings updating the court on the status of his medical problems. Odighizuwa was examined by Nurse Yates on May 7, 2006, after he complained of having chest pains. The nurse noted that Odighizuwa's lungs were clear and that the results of an EKG test were normal. Odighizuwa was examined by Nurse Adams on May 10, 2006, after he filed an emergency grievance requesting treatment for symptoms allegedly caused by dust and irritants. The nurse gave Odighizuwa a five-day dosage of "Cortrimazone." Because the medication only relieved the itchiness in Odighizuwa's throat, he requested to see the jail doctor on May 16, 2006. On May 25, 2006, he was examined by Dr. Offorg. Odighizuwa alleges that the doctor recommended "thirty (30) more pills of Cortrimazone." On June 13, 2006, Odighizuwa advised the court that the medication prescribed by Dr. Offorg "drastically alleviated" the itchiness in the his throat and mouth. However, Odighizuwa alleges that he continues to suffer from "other health problems," and that he has to sleep with a wash cloth over his face to prevent sneezing.

## Discussion

A preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989)). In deciding whether to grant a preliminary injunction, courts must normally consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunctive relief is not granted; (2) the likelihood of harm to the defendants if injunctive relief is granted; (3) the plaintiff's likelihood of succeeding on the merits of the action; and (4) the public interest.

2

Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). The plaintiff bears the burden of establishing that these factors support granting a preliminary injunction. Direx Israel, Ltd., 952 F.2d at 812. The likelihood of irreparable harm to the plaintiff is one of the most important factors. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Id. at 360; Direx Israel, Ltd, 952 F.2d at 812.

Having reviewed Odighizuwa's allegations, the court concludes that his motions for a preliminary injunction must be denied. Odighizuwa's submissions indicate that he has been examined and treated by the medical department upon request. Odighizuwa has undergone EKG testing and received medication in response to his complaints regarding excessive dust and irritants. While Odighizuwa alleges that the prescribed medication has not alleviated all of his medical problems, the court is unable to conclude that Odighizuwa is in imminent danger of irreparable harm.

For the reasons stated, the court will deny Odighizuwa's motions for a preliminary injunction. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Odighizuwa and counsel of record for the defendants.

ENTER: This 13th day of July, 2006.

_____
United States District Judge

3